# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR94-0024-EJM |
| vs. | |
| MARVIN JEROME KNIGHT, | **ORDER** |
| Defendant. | |

This matter is before the court pursuant to its August 27, 2008 order, and on defendant's objection thereto, filed September 17, 2008. Objection overruled.

The nature of this matter was fully set forth in the court's order of August 27, 2008, and requires no further characterization. The court there noted that for the reasons stated therein, absent timely objection, defendant's previously imposed 262 month sentence would be reduced to 240 months.

On September 17, 2008, the defendant filed an objection, asserting that the court should further reduce his sentence based on the government's failure to file a timely notice pursuant to 21 U.S.C. § 851. He believes that the maximum reduction results in a new term of 210 months imprisonment. With regard to the objection asserted by the defendant, the court concludes that it is patently frivolous or without merit. In its August 27, 2008 order, the court took into account the statutory minimum sentence and clearly stated that, under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, it deemed it appropriate to reduce the defendant's term of imprisonment by the maximum amount of months. Additionally, the record indicates that, on November 14, 1994, the government filed a sentencing information with respect to the defendant and, on December 28, 1994, the government

filed a corrected sentencing information as to the defendant. At sentencing, the court adopted the pre-sentence investigation report which concluded that the defendant faced a mandatory minimum sentence of 240 months imprisonment. Further, relief under 18 U.S.C. § 3582(c)(2) is limited. The ground raised in the defendant's objection should have been raised on direct appeal or in a motion under 28 U.S.C. § 2255. Moreover, even if it had the discretion to reduce the defendant's term of imprisonment below 240 months imprisonment, the court would decline to do so because the record makes clear that 240 months imprisonment is appropriate. Accordingly, the defendant's objection is overruled.

It is therefore

ORDERED

Defendant's objection overruled. In accordance with the court's order of August 27, 2008, the defendant's previously imposed 262 month term of imprisonment on Count 1 of the indictment is reduced to 240 months imprisonment. All other provisions of the January 11, 1996 judgment remain in effect. The Clerk of Court is directed to send a copy of this order to the United States, the defendant (USM No. 07236-029), the Federal Public Defender and the Bureau of Prisons where the defendant is currently incarcerated.

December 16, 2008.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT